# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| COURTNEY WARD, as next of friend of J.E., a minor, | * * * | |
| Plaintiff, | * * | CV 218-013 |
| v. | * * | |
| MCINTOSH COUNTY SCHOOL DISTRICT and BOBBY G. ROBINSON, | * * * * | |
| Defendants. | * | |

## ORDER

This Matter comes before the Court on Defendant Bobby G. Robinson's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 9. This Motion has been fully briefed and is ripe for review. In accordance with the Court's ruling announced at the Motions Hearing on October 12, 2018, and for the following reasons, Defendant's Motion is **DENIED**.

## BACKGROUND

This case involves allegations against Defendant Bobby G. Robinson, a former football coach for Mcintosh County Academy. Dkt. No. 1 ¶ 6. Plaintiff's Complaint alleges that Robinson was made aware of a specific threat of hazing, described as a "hit,"

where an older player on the team would conduct a blindside "hit" against J.E., a younger player on the team, at the next practice. Id. ¶¶ 18-19, 21. The Complaint alleges that after being informed about the specific threat by Plaintiff, J.E.'s mother, and being told to address issues of hazing with the football team by school officials, Robinson elected not to address the specific threat. Id. ¶¶ 21-24, 30. As a result, the Complaint alleges that J.E. was the victim of a "hit" from an older player at practice, causing him to sustain injuries. Id. ¶¶ 31-32. When confronted by J.E.'s mother and asked why he did not address this issue before hand to stop the "hit," Robinson answered that J.E. needed to "toughen up." Id. ¶ 33.

Plaintiff brought this suit against Robinson alleging state claims of negligence per se and intentional infliction of emotional distress as well as a federal claim of municipal liability against Mcintosh County School District.[1] Id. ¶¶ 61-82. In response, Robinson filed this Motion to Dismiss arguing that he had official immunity under Georgia law, and even if the claims were not barred by official immunity, Plaintiff failed to state a claim upon which relief could be granted for both state law claims under Fed. R. Civ. P. 12(b)(6). Dkt. No. 9.

---

[1] This Order on Robinson's Motion to Dismiss concerns only claims against Robinson.

2

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In order to state a claim for relief, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

AO 72A
(Rev. 8/82)

## DISCUSSION

The 12(b)(6) plausibility standard is not an exceedingly high bar, and based on the facts alleged in the Complaint, Plaintiff has met it. Plaintiff has pled sufficient facts at this stage to avoid having her claims barred by official immunity, and she has pled sufficient facts to support her claims of negligence per se and intentional infliction of emotional distress.

### I. Official Immunity

Under Ga. Const. of 1983, Art. I, Sec. II, Par. IX(d), "[s]chool system employees are entitled to official immunity from any claim against them 'in their private (individual) capacity, when they are sued for discretionary acts taken within the scope of their employment and without actual malice or an actual intent to injure.'" Davis v. Brantley Cty. Sch. Dist., 780 S.E.2d 60, 62 (Ga. Ct. App. 2015) (citations omitted). The parties dispute whether Robinson's actions were discretionary. Even if they were discretionary, dismissal is not proper at this point, because Plaintiff has alleged sufficient facts at this stage that if proven to be true would show that Robinson acted with actual malice or intent to injure.

Plaintiff is not required to use the term "actual malice." What is required is for Plaintiff to allege specific facts that if proven true would show actual malice or an intent to injure. Here, she has done so. Specifically, Plaintiff alleges: that Robinson

4

had "actual knowledge of hazing activity in general and the threatened hazing of the Plaintiff" and that he "acted to . . . perpetuate the practice of hazing," dkt. no. 1 ¶ 1; that he "willfully failed to address the issue or incidents of 'hazing' with the players as instructed and further willfully failed to address the direct threat of 'hazing' to J.E.," id. ¶ 24; that his "actions in contributing to, and knowingly allowing for, if not outright encouraging, student 'hazing,' including the incident involving the J.E., are an actionable criminal offense," id. ¶ 46; that his "abuse and endangerment of J.E." and his handling of J.E.'s injury by telling his mother that "he needed 'to toughen up' was intentional . . . conduct," id. ¶ 70; and that he "acted with . . . malice" and "willfully," id. ¶ 72. In other words, the Complaint alleges that Robinson was aware of a specific threat against J.E., intentionally chose not to address that threat, and, when asked why he chose not to do so, responded that it was because J.E. needed "to toughen up." At this stage, these allegations are sufficient to state a plausible claim of relief that Robinson acted with actual malice toward or with intent to injure J.E., and thus, Robinson's Motion to Dismiss with respect to official immunity is **DENIED**.

## II. Negligence Per Se

"Negligence per se arises 'when a statute is violated, the person injured by the violation is within the class of persons the

5

AO 72A
(Rev. 8/82)

statute was intended to protect, and the harm complained of was the harm the statute was intended to guard against.'" <u>Chancey v. Peachtree Pest Control Co.</u>, 655 S.E.2d 228, 231 (Ga. Ct. App. 2007) (citations omitted). Furthermore, "[t]he violation of a regulation . . . can likewise establish that a defendant breached a duty owed to a plaintiff as a matter of law." <u>McLain v. Mariner health Care, Inc.</u>, 631 S.E.2d 435, 437 (Ga. Ct. App. 2006).

Here, Plaintiff alleges a plausible claim of negligence per se. Plaintiff's Complaint alleges that the Code of Ethics for Educators (a Georgia regulation) creates a duty for Robinson to not commit a crime of moral turpitude or commit any act of child abuse, that Robinson's abuse and endangerment of J.E. by allowing or encouraging the "hit" or crime of "hazing" to occur violated this regulation, that J.E. was within the class of persons the regulation was intended to protect, that the harm in this case was the harm the regulation was intended to protect against, and that Robinson's violation of the regulation directly and proximately caused J.E. to suffer damages. Dkt. No. 1 ¶¶ 31, 33, 46, 61-62, 64-68. For these reasons, Plaintiff's negligence per se claim is plausible on its face and Defendant's Motion to Dismiss with respect to that claim is **DENIED**.

### III. Intentional Infliction of Emotional Distress

"Four elements must be present to support a claim of intentional infliction of emotional distress: (1) The conduct must

be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." Sevcech v. Ingles Markets, Inc., 474 S.E.2d 4, 7 (Ga. Ct. App. 1996) (citations omitted). Here, Plaintiff has alleged sufficient facts to support a plausible claim of intentional infliction of emotional distress. Plaintiff alleges that Robinson's conduct of knowing about a specific threat of hazing to J.E., being told to address hazing generally by school officials, failing to address the hazing, intentionally allowing the "hit" to occur to J.E., and responding to J.E.'s mother about why he did not stop the "hit" by saying that J.E. needed "to toughen up" was intentional and outrageous. Dkt. No. 1 ¶¶ 1, 69-70. Plaintiff alleges that this intentional and outrageous conduct of intentionally allowing or encouraging the "hit" to take place directly and proximately caused emotional distress to J.E. Id. ¶¶ 1, 46, 71. Finally, Plaintiff alleges severe emotional distress in claiming that as a result of Robinson's actions, J.E. suffered a concussive brain injury and bruised ribs, was required to undergo medical treatment, missed several weeks of school, suffered from headaches and behavioral and emotional changes including anger

management issues, and was subjected to bullying. Dkt. No. 1 ¶¶ 34, 71.

Defendant's reliance on cases in which summary judgment was granted because no medical treatment was rendered are inapposite. Most of those cases deal with evidence at the summary judgment phase, while others dismiss cases where neither medical nor psychological treatment was sought. Here, we are at the motion to dismiss phase. Here, severe injury is alleged and medical treatment allegedly was sought.

Plaintiff has pled a plausible claim of intentional infliction of emotional distress, including an allegation that J.E. sought medical treatment. Dkt. No. 1 ¶ 71. As a result, Defendant's Motion to Dismiss with respect to that claim is **DENIED**.

## CONCLUSION

It may be that discovery will undercut some of the factual allegations; it may not. At this point, dismissal is not warranted. The allegations are sufficient. For these reasons, Robinson's Motion to Dismiss is hereby **DENIED**.

**SO ORDERED**, this 18 day of October, 2018.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA